IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN WILLIAM HOGAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-17-990 |
| OFFICE OF THE STATES ATTORNEY FOR CARROLL COUNTY, et al., | * | |
| | * | |
| Defendants. | | |
| | ***** | |

## MEMORANDUM OPINION

In response to this Court's April 19, 2017 Order directing Hogan to supplement his claims regarding the conditions of his confinement in the Carroll County Detention Center, Hogan filed a Supplemental Complaint using a "Motion" form designed for use in Maryland state courts. (ECF No. 4). In Hogan's Supplemental Complaint, he alleges that Dr. Herman,[1] a psychiatrist at Carroll County Detention Center, violated his constitutional rights. For the reasons that follow, the Complaint as supplemented must be dismissed.

Hogan states that after a noose was found in his cell, which he claims other inmates planted there, he was put on suicide watch where he was forced to remain in a cell with a bright light burning twenty-four hours a day. (Suppl. Comp. at 6, ECF No. 4). He claims that if a psychiatrist other than Dr. Herman met with him and recommended his removal from suicide watch, Dr. Herman would override it. (Id.). Hogan further

---

[1] The Clerk will be directed to add Dr. Herman as a Defendant on the docket. Hogan does not provide Dr. Herman's first name.

claims that Dr. Herman never talked to him about suicidal thoughts, but only discussed matters related to his criminal case when meeting with Hogan. (Id.). Hogan asked a member of the treatment team "in confidence" how to get off of suicide watch, and he claims he was told that he needed to "refuse to meet with [Dr.] Herman." (Id.). Hogan states that he took this advice and was released from suicide watch on April 16, 2014 "after five weeks on suicide watch conditions." (Id.). Hogan asserts, in a conclusory fashion, that long-term suicide watch is a form of torture used on prisoners of war. (Id.).

The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)); see also Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (pretrial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right; both require more than de minimus injury).

Because due process proscribes punishment of a detainee before proper adjudication of guilt, the inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pretrial detainee. Bell, 441 U.S. at 535. "[N]ot every inconvenience that is encountered during pre-trial detention amounts to punishment in the constitutional sense." Martin, 849 F.2d at 870. A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the

2

Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, nonpunitive goal. Bell, 441 U.S. at 538–39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged conditions amount to punishment, it is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. See Sandin v. Conner, 515 U.S. 472, 482 (1995).

Here, Hogan was found in possession of a noose, a common tool used to commit suicide. A legitimate, nonpunitive goal exists where, as here, there is an objective reason for concern that a detainee may be contemplating self-harm. Taking no action in light of the discovery of the noose puts both psychiatric staff and correctional staff at risk for civil liability. As a prisoner, Hogan "is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." Bowring v. Goodwin, 551 F.2d 44, 47 (4th Cir. 1977). Hogan's disagreement with Dr. Herman's decisions to keep him on suicide watch is not a basis for finding a constitutional rights violation. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985) (disagreements between inmate and doctor regarding care does not state a constitutional claim).

Hogan's Complaint fails to state a claim upon which relief may be granted as to the sole remaining Defendant, Dr. Herman. Accordingly, the Complaint will be dismissed. A separate Order which follows,

Entered this 22nd day of September, 2017.

/s/
_____
George L. Russell, III
United States District Judge